# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 03-468V
Filed: October 2, 2015
Not to be Published

FILED
OCT 0 2 2015
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ROBERT R. BLOCH, JR. and
KERRY M. BLOCH, as parents and
natural guardians of DJB, a minor,

          Petitioners,

          v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.

Autism; Failure to Prosecute;
Failure to Follow Court
Orders; Dismissal

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECISION DISMISSING PETITION

On February 27, 2003, Petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program,[1] alleging that DJB was injured by a vaccine or vaccines listed on the Vaccine Injury Table. See § 14. I hereby dismiss this petition because Petitioners have failed to prosecute or prove this case.

For more than twelve years, Petitioners have been unable to produce an expert report in support of their claim. On February 21, 2012, Petitioners were ordered to file an expert report within 90 days, or periodic status reports describing their progress toward obtaining such report. (ECF No. 21.) Thereafter, Petitioners filed a series of status reports indicating that more time would be needed to provide Petitioners' expert report. (*See* ECF Nos. 35, 37, 39, 40, 43.)

On July 1, 2013, Petitioners were again ordered to file an expert report in support of their Petition, by December 2, 2013. (ECF No. 44.) Petitioners then filed a series of Motions and

---

[1] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

status reports requesting additional time. These requests were granted, and a new deadline for Petitioners' expert report was assigned on each occasion. (*See* Orders, ECF Nos. 46, 51, 54, 56, 59, 61.)

On June 18, 2014, Petitioners' counsel filed a Motion for an extension of time, indicating that they did not have an expert report, but requesting twenty-one days to confer with Petitioners and file an appropriate motion. (ECF No. 60.) That request was granted (ECF No. 61.) Thereafter, Petitioners filed a series of status reports indicating that counsel was conferring with Petitioners in anticipation of receiving authorization from them to file an appropriate motion. In response, I granted Petitioners additional time to confer with counsel about the status of this case. (*See* ECF Nos. 63, 65, 67.)

On August 20 2014, Petitioners filed a Motion to Issue Subpoena, in order to obtain certain medical records that they considered relevant to their claim. I granted Petitioners' request. (ECF No. 70.) Thereafter, Petitioners filed periodic status reports describing their progress toward obtaining the subpoenaed medical records and an expert report. (*See* ECF Nos. 73, 75, 77, 80, 82, 84, 86, 88, 90, 92, 94.)

On March 29, 2015, Petitioners filed a Motion requesting additional time to file a motion for interim attorneys' fees and costs, and a motion to allow Petitioners' counsel to withdraw as counsel of record. I granted Petitioners' Motion (ECF No. 97). Subsequently, I granted Petitioners' interim attorneys' fees and costs (ECF No. 99), and the withdrawal request of Petitioners' counsel (ECF No. 105.)

After the withdrawal of Petitioners' counsel, on April 29, 2015, I issued an Order requiring the *pro se* Petitioners to file the opinion of a medical doctor in support of Petitioners' claim, by July 4, 2015. (ECF No. 106.) On May 22, 2015, Petitioners filed a status report requesting additional time. (ECF No. 108.) I filed an Order allowing Petitioners until August 3, 2015, to file an expert report. (ECF No. 109.) That Order warned Petitioners that I would not be likely to grant any further enlargements of this new deadline for filing an expert report (*Id.*)

Nonetheless, on July 2, 2015, Petitioners filed another Motion, requesting that I issue subpoenas to their previous counsel and a medical provider requesting numerous medical records, many of which were already present in the record of this case. (ECF No. 110.) I instructed the clerk of this court to provide Petitioners with copies of Petitioners' medical records, identified as Exhibits 1-11. (ECF No. 112.) On July 10, 2015, I filed an Order noting that their attorney, Mr. Krakow, had also sent an "extensive box of materials" related to this case to Petitioners. (ECF No. 113.) Further, I instructed Petitioners to file a status report identifying their medical expert(s). That Order also elaborated my reasons for declining to authorize further subpoenas, and reminded Petitioners that the due date of their expert report was *still* August 3, 2015. (*Id.*)

On July 24, 2015, Petitioners filed a response to my Order dated July 10, describing their unsuccessful efforts to retain an expert to opine in this case. They requested additional time to do so. (ECF No. 115.) On July 30, 2015, I filed an Order allowing Petitioners additional time, until September 29, 2015, to file an expert report. However, I specifically advised Petitioners

that if they did not timely file such report, I would "have no choice but to dismiss their case." (ECF No. 116.)

Petitioners did not file a timely expert report, nor did they request more time to do so. It is petitioners' duty to prosecute their case, and to follow court orders. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Accordingly, **this case is dismissed for failure to prosecute and failure to follow court orders. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                                                    _____
                                                                                    George L. Hastings, Jr.
                                                                                    Special Master